UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

C. ROBINSON ENTERPRISES, LLC, ET AL.            CIVIL ACTION NO.

VERSUS

                                                24-512-JWD-EWD
ALM BATON ROUGE, LLC AND
AMAZON.COM SERVICES, LLC

## NOTICE AND ORDER

Defendant Amazon.com Services, LLC ("Amazon") removed this case to this Court on June 21, 2024, alleging subject matter jurisdiction under 28 U.S.C. 1332.[1] The Petition alleges that Plaintiffs Chad Robinson ("Robinson") and C. Robinson Enterprises, LLC lost a lucrative contract with a non-party (Amazon Logistics, Inc.) because Amazon and co-defendant ALM Baton Rouge, LLC ("ALM") failed to provide security measures in or around the facility owned and/or maintained by them, which would have precluded the altercation that led to the termination of Plaintiffs' contract.[2]

The Notice of Removal ("NOR"), relying on the Petition, adequately alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs.[3] Robinson, the only member of Plaintiff C. Robinson Enterprises, LLC, is properly alleged to be Louisiana citizen, and Amazon is properly alleged to unwind to a Delaware corporation with its principal place of business in Washington.[4] However, the citizenship of ALM, which is alleged to have one member, LM Logistics REIT ("REIT"), a real estate investment trust, was not adequately pleaded in the NOR. This is because the REIT's trustees and members were not identified and only negative

---

[1] R. Docs. 1, ¶ 4.
[2] R. Doc. 1-2, ¶¶ 6-15. The Petition alleges that, during an employee meeting conducted by Plaintiffs, an employee "screened for employment by Defendants (or their related entities or third-party contractors" became unruly, which ultimately led to the employee threatening Robinson in the parking lot and Robinson retrieving his firearm from his vehicle due to fear for his safety. *Id.* at ¶¶ 7-12. Plaintiffs allege that months later, Amazon Logistics, Inc. terminated the contract because Plaintiffs breached policies, presumably when Robinson armed himself and/or due to his possession of a firearm at the facility. *Id.* at ¶ 14.
[3] R. Doc. 1, ¶6; R. Doc. 1-2, ¶ 13.
[4] R. Doc. 1, ¶ 5.

allegations of citizenship were given.[5] The Court's June 25, 2024 briefing Order noted these pleading deficiencies and ordering Amazon to seek leave to file an amended Notice of Removal to correct the citizenship allegations.[6] In response, Amazon filed a motion for leave to file an amended Notice of Removal that was denied because it still failed to adequately allege the citizenship of ALM.[7] Amazon was again ordered to file an amended Notice of Removal that adequately alleged the citizenship of ALM.[8]

Currently before the Court is Amazon's latest response, which is an Ex Parte Motion for Leave to File Second Amended Notice of Removal ("Ex Parte Motion"). The Ex Parte Motion newly contends that ALM's citizenship should be disregarded because ALM is improperly joined as a defendant.[9] Specifically, Amazon argues that, "While Plaintiffs allege 'Defendants' failed to provide adequate security measures, they fail to allege any facts establishing ALM plausibly had a duty to provide security and otherwise fail to allege facts regarding ALM's role in the alleged events or why ALM would be liable to Plaintiffs."[10] Amazon alleges that Plaintiffs fail to plausibly allege claims for breach of contract, negligence, and tortious interference with contract against ALM, and, moreover, that ALM's status as a lessor of the facility is insufficient to support a claim for liability.[11] Amazon alleges that, per the lease, Amazon was cast with any security obligations, not ALM.[12]

Plaintiffs' Petition asserts that Defendants "owned or maintained" the facility out of which Plaintiffs provided services and were conducting a meeting on the day of the altercation; that the employee which engaged in the altercation was "screened for employment by Defendants (or their

---

[5] R. Doc. 8.
[6] R. Doc. 8.
[7] R. Doc. 9.
[8] R. Doc. 12.
[9] R. Doc. 13. As such, ALM's citizenship remains unclear.
[10] R. Doc. 13-2, ¶ 10.
[11] R. Doc. 13-2, ¶¶ 12-13.
[12] R. Doc. 13-2, ¶¶ 14; R. Doc. 17-1, pp. 3-43.

2

related entities or third-party contractors);" Defendants did not have any security personnel or measures at the facility or in the parking lot; Defendants did not display any signs prohibiting weapons in the parking lot or in vehicles; "Defendants failed to provide reasonably adequate security measures on their property including but not limited to not having a security guard and gate to get into their parking lot, and by not having a security guard or metal detectors at the entrance to the facility;" and, "[a]s a proximate result of Defendants' failure to provide reasonably adequate security measures, Plaintiffs lost his lucrative contract with ALI, costing Plaintiffs millions in lost revenues and profits and damaging Plaintiffs' reputation in the community."[13]

As Plaintiffs currently assert a claim against ALM, whom Amazon contends is improperly joined, on or before October 3, 2024, Plaintiffs shall file a response to the Ex Parte Motion, limited to 10 pages, addressing the alleged improper joinder of ALM.[14] Alternatively, on or before that same date, Plaintiffs may seek leave to file an amended complaint deleting all claims against ALM, if Plaintiffs agree that ALM is improperly joined. Amazon may seek leave to file a reply brief, as applicable, also limited to 10 pages, no later than 14 days after Plaintiffs' response.

The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter,[15] and will decide if jurisdiction exists in the context of the current Ex Parte Motion and the briefing ordered. In other words, Plaintiffs do not need to file a motion to remand if they believe ALM is properly joined.

---

[13] R. Doc. 1-2, ¶¶ 6-7, 9, 11, 15-16.
[14] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) ("To establish that a non-diverse defendant has been [improperly] joined to defeat diversity jurisdiction, the removing party must prove ... that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the [in-state] defendant."). *See also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant.").
[15] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS ORDERED** that the Ex Parte Motion for Leave to File Second Amended Notice of Removal,[16] filed by Defendant Amazon.com Services LLC, is **TAKEN UNDER ADVISEMENT.**

**IT IS FURTHER ORDERED** that, on or before **October 3, 2024**, Plaintiffs Chad Robinson and C. Robinson Enterprises, LLC shall file a response to the Ex Parte Motion,[17] limited to 10 pages. **ALTERNATIVELY,** on or before that same date, Plaintiffs may seek leave to file an amended complaint deleting all claims against ALM, if Plaintiffs agree that ALM is improperly joined.

**IT IS FURTHER ORDERED** that, by no later than 14 days after the filing of Plaintiffs' brief, Defendant Amazon.com Services, LLC may seek leave to file a reply brief also limited to 10 pages.

**IT IS FURTHER ORDERED** that the Court will determine jurisdiction in the context of the Ex Parte Motion and the briefing ordered. Because the Court has *sua sponte* raised the issue of whether subject matter jurisdiction may be exercised in this case, further motions challenging jurisdiction shall not be filed.

Signed in Baton Rouge, Louisiana, on September 24, 2024.

                                                                                      *Erin Wilder-Doomes*
                                                                                      **ERIN WILDER-DOOMES**
                                                                                      **UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Doc. 13.
[17] R Doc. 13.